**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4897**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARISTIDES RIVERA-LOPEZ, a/k/a Aristides Lopez-Rivera,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:18-cr-00381-LMB-1)

Submitted: March 24, 2020                                 Decided: April 6, 2020

Before MOTZ and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Cadence A. Mertz, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachery Terwilliger, United States Attorney, Aidan Taft Grano, Assistant United States Attorney, Shawn Flynn, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aristides Rivera-Lopez, a native and citizen of El Salvador, was convicted following a bench trial of one count of illegal reentry after removal in violation of 8 U.S.C. § 1326(a) (2018). He was sentenced to time served. Rivera-Lopez appeals, challenging the district court's order denying his motion to dismiss his indictment. We affirm.

Rivera-Lopez argues that the removal order under which he was previously removed from the United States was invalid because the notice to appear he received did not indicate the time and date for his hearing. *See Pereira v. Sessions*, 138 S. Ct. 2105 (2018). He therefore asserts that the removal order is void and cannot serve as a basis for his conviction. As Rivera-Lopez concedes, however, this argument is squarely foreclosed by our recent contrary ruling in *United States v. Cortez*, 930 F.3d 350, 362-65 (4th Cir. 2019) (holding that failure of notice to appear to include a date and time for petitioner's removal hearing "does not implicate the immigration court's adjudicatory authority or 'jurisdiction'"). Rivera-Lopez next asserts that he may collaterally attack his removal order without satisfying the requisite criteria set forth in 8 U.S.C. § 1326(d) (2018), because entry of his removal order without proper jurisdiction was fundamentally unfair. As his challenge to the immigration court's jurisdiction is unfounded, Rivera-Lopez must meet § 1326(d)'s criteria to proceed with a collateral challenge to the removal order. *See Cortez*, 930 F.3d at 356-58.

Collateral attack on a removal order in an illegal reentry prosecution is allowed if there was a "procedural flaw in the immigration proceeding" that prevented the noncitizen from seeking review when the removal order was issued, in violation of due process.

*United States v. Moreno-Tapia*, 848 F.3d 162, 169 (4th Cir. 2017). To launch a collateral attack, a defendant must show: (1) he exhausted any administrative remedies that may have been available to challenge the order of removal; (2) he was effectively deprived of his right to judicial review of the removal order; and (3) the removal proceedings were fundamentally unfair. 8 U.S.C. § 1326(d); *see United States v. Mendoza-Lopez*, 481 U.S. 828 (1987); *United States v. El Shami*, 434 F.3d 659, 663 (4th Cir. 2005).

The record shows that Rivera-Lopez executed a stipulated request for order and waiver of hearing in which he acknowledged receiving notice of his rights but waived representation and a hearing. He admitted the factual basis for removal and agreed to accept a written removal order. The document was read to him in Spanish by a Border Patrol Agent who attested that Rivera-Lopez's signature was voluntary, knowing, and intelligent. In May 2004, he was found subject to removal based on these stipulations and was ordered removed. Rivera-Lopez waived his right to appeal the decision and was removed shortly thereafter. In light of these facts, we conclude that Rivera-Lopez cannot meet the requirements of § 1326(d).

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*